# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Perillo,               :
            Petitioner    :
      v.              :   No.  62 C.D. 2022
                       :   Submitted: August 12, 2022
Extended Healthcare Services   :
(Workers' Compensation       :
Appeal Board),             :
          Respondent   :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                   FILED: November 2, 2022

Jacqueline Perillo (Claimant) petitions for review from the December 27, 2021 order of the Workers' Compensation Appeal Board (Board) which affirmed the June 30, 2021 decision and order of the Workers' Compensation Judge (WCJ) granting the modification petition filed by Extended Healthcare Services (Employer) and changing Claimant's disability status from temporary total disability (TTD) to temporary partial disability (TPD) based upon a May 1, 2019 Impairment Rating Evaluation (IRE). Upon review, we affirm.

# I.  Background

Claimant does not dispute the facts underlying this appeal.  Claimant suffered an injury in the course of her employment with Employer on October 9, 2003.  Certified Record (C.R.), Item No. 5, WCJ Decision, at 3.  On May 1, 2019, Claimant underwent an IRE, which returned a 4% impairment rating based on the Sixth Edition of the American Medical Association Guides to the Evaluation of Permanent Impairment.  *Id.*  Employer filed a Modification Petition on March 25, 2021, requesting Claimant's disability status be changed from TTD to TPD as of the date of the IRE.  *Id.*

The WCJ held a hearing on the Modification Petition, wherein Claimant raised and preserved legal challenges to Section 306(a.3) of the Workers' Compensation Act (Act),[1] 77 P.S. § 511.3.[2]  Claimant did not, however, present any medical evidence to rebut Employer's IRE.  C.R., Item No. 5, WCJ Decision, at 4.  The WCJ granted Employer's petition and modified Claimant's status to TPD as of May 1, 2019.  *Id.* at 6.  Claimant appealed, and the Board affirmed the WCJ's Decision.  C.R., Item No. 8, Board Opinion, at 4-5.

Claimant timely appealed the Board's order, and solely raised the following, previously preserved challenges to the Act: (1) whether Section 306(a.3) of the Act violates article I, section 11 of the Pennsylvania Constitution,[3] and (2) whether

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

[3]     All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.
 Pa. Const. art. I, § 11.

Section 306(a.3) of the Act contains sufficiently specific language to be applied retroactively. Petitioner's Br. at 2.

## II. Analysis

In a workers' compensation appeal, we are "limited to determining whether [the] necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

Recently, in the published decision of *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 435-38 (Pa. Cmwlth. 2022) *petition for allowance of appeal filed*, __ A.3d __ (Pa., No. 191 WAL 2022, filed July 12, 2022), a panel of this Court rejected a claimant's argument that Section 306(a.3) of the Act violated article I, section 11 of the Pennsylvania Constitution. In *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 562 (Pa. Cmwlth. 2020), our Court noted that, "[t]hrough the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid. . . . [T]he General Assembly used specific language to give retroactive effect to these carefully selected individual provisions . . . ." For the same reasons outlined in *DiPaolo* and *Rose Corporation*, which we need not repeat here, we reject Claimant's challenges to Section 306(a.3) of the Act.

## III. Conclusion

Claimant's arguments against the enforcement of Act 111 of 2018, Section 306(a.3) of the Act, 77 P.S. § 511.3, have been previously raised before and rejected

3

by this Court.  Accordingly, we follow our prior, precedential decisions and reject Claimant's challenges.  Accordingly, the Board's order is affirmed.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Perillo,              :
             Petitioner      :
      v.                  :   No.  62 C.D. 2022
                      :
Extended Healthcare Services   :
(Workers' Compensation      :
Appeal Board),             :
            Respondent    :

# **O R D E R**

**AND NOW**, this 2nd day of November, 2022, the order of the Workers' Compensation Appeal Board dated December 27, 2021, is **AFFIRMED**.

_____
STACY WALLACE, Judge